## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| TEXAS ROADHOUSE, ABC | : | |
| CORPORATION, JOHN DOES I-III | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Guy Williams ("Plaintiff"), by and through his counsel, brings this action against Defendants for injuries sustained in an incident that occurred on May 31, 2021, at the Defendants' premises located at 250 Buckley Blvd. Bear, DE 19701.

## PARTIES

1. Plaintiff is an adult residing at 12 Westminster Drive, Lumberton, NJ 08048.

2. At all times material, Plaintiff was a business invitee at Defendants' premises at 250 Buckley Blvd., Bear, DE 19701.

3. Defendant Texas Roadhouse is a business entity licensed to do business at 250 Buckley Blvd., Bear, DE 19701, with its headquarters located at 6040 Dutchmans Lane, Louisville, KY 40205.

4. Defendant ABC Corporation is a business entity licensed to do business in the State of Delaware with its principal place of business at 250 Buckley Blvd., Bear, DE 19701.

5. Defendants John Doe I-III are adult individuals doing business at 250 Buckley Blvd., Bear, DE 19701.

6. At all times material, Defendants owned, operated, managed, and/or otherwise controlled a restaurant doing business as Texas Roadhouse and located at 250 Buckley Blvd., Bear,

DE 19701 ("the Premises").

7. At all times material, Defendants acted and/or failed to act by and through the conduct of its officers, managers, employees, and agents; all acting within the course and scope of their authority, and under the control of Defendants Texas Roadhouse and/or ABC Corporation.

## JURISDICTION AND VENUE

8. Paragraphs one through seven are incorporated herein by reference.

9. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. Section 1332 (a) (1) because the parties to this claim are diverse when it comes to their citizenship, and because the damages in this case are in excess of $75,000.00.

10. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 as a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

11. Paragraphs one through ten are incorporated herein by reference.

12. On or about May 31, 2021, maintenance, cleaning, management, and supervision and/or general upkeep of the interior of the Premises was the responsibility of the Defendants.

13. On or about May 31, 2021, Defendants, by and through their employees, servants, and/or agents, failed to properly maintain, clean, manage, supervise and keep the Premises free from hazardous conditions for their invitees about which they knew or should have known.

14. On or about May 31, 2021, Plaintiff was walking on the Premises, when he suddenly slipped and fell due to a hazardous condition of floor, namely, puddling, pooling, and otherwise excessive liquid on the floor, causing Plaintiff to fall and sustain serious and permanent injuries to his left arm, left hip, thumb, back, and head.

## COUNT 1 – NEGLIGENCE AGAINST ALL DEFENDANTS

15. Paragraphs one through 14 are incorporated herein by reference.

16. At all relevant times, Defendants had a duty to keep the premises – especially those areas open to their invitees – safe and free from dangerous conditions.

17. At all relevant times, Defendants had a duty to either make safe dangerous conditions or warn those on the property about the same.

18. Defendants created the hazardous condition on the floor as described above.

19. Defendants knew or should have known that the foregoing hazardous condition existed on the Premises prior to Plaintiff's fall.

20. The aforementioned incident was caused solely by the negligence of the Defendants in failing to properly maintain their premises which negligence consisted of the following:

(a) Creating a dangerous and hazardous condition to exist on, of and/or about the subject premises;

(b) Failing to properly inspect, discover and remedy the defective condition which existed on, of and about the walking surface, which the Defendants knew or reasonably should have known existed prior to the time of Plaintiff's fall;

(c) Failing to warn members of the general public of the dangerous conditions which existed; and

(d) Allowing a dangerous and hazardous condition to exist and remain on, of and/or about the subject premises.

21. At all times mentioned herein, Plaintiff acted with due care and was not contributorily or comparatively negligent.

22. Plaintiff did not assume any known risks at the relevant time.

23. As a result of the aforementioned incident, Plaintiff was caused to sustain serious injuries to his body including to his left arm, left hip, thumb, back, and head, which has caused and will continue to cause him a great deal of embarrassment, humiliation, pain, suffering, agony, inconvenience, and which may be permanent in nature and character.

24. As a result of the aforementioned incident and resulting injuries, Plaintiff has been caused to expend various sums of money for medicine and medical attention for treatment and/or cure of these injuries and to have essential services performed during the duration of the physical impairment, all to great financial detriment and loss and expects to pay additional sums of money for medicine and medical attention in the future all to Plaintiff's great financial detriment and loss.

WHEREFORE, for all of the factual reasons and legal arguments set forth herein, Plaintiff Guy Williams respectfully requests the Court enter judgment in his favor and against Defendants, Texas Roadhouse, ABC Corporation, and John Does I-III, and award Plaintiff all relief for which he is entitled; including but not limited to compensatory damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, pre- and post-judgment interest, costs, and such other and further relief as the Court may deem just and proper.

**WOLOSHIN, LYNCH & ASSOCIATES, P.A.**

*/s/ Gary W. Alderson*
Gary W. Alderson, Esquire (DE ID # 3895)
3200 Concord Pike Wilmington, DE 19803
(302) 477-3200
galderson@3200law.com
*Attorney for Plaintiff*

Date: March 3, 2022

*Motion for Admission Pro Hac Vice filed concurrently with this Complaint:*

**HILL & ASSOCIATES, P.C.**

*/s/ Susan B. Ayres*
Susan B. Ayres, Esquire (PA ID # 87562)
1700 Market Street, Ste. 3150
Philadelphia, PA 19103
215-567-7600
Sue@Hilljustice.com
*Attorney for Plaintiff*

Date: March 3 2022